## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| S&E QUICK LUBE DISTRIBUTORS, INC., on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>CHAMPION LABORATORIES, INC., PUROLATER FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC.,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:08-CV-00475 (JBA)<br><br>(Hon. Janet Bond Arterton) |
| BARJAN, LLC, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>CHAMPION LABORATORIES, INC., PUROLATER FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC.,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:08-CV-00534 (JBA)<br><br>(Hon. Janet Bond Arterton) |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFFS' MOTION TO CONSOLIDATE AND COORDINATE
## ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL

Defendants[1] hereby oppose Plaintiffs' motion to consolidate the *S&E Quick Lube* and

*Barjan* actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.[2]

These are just two of at least eighteen purported antitrust class actions filed within the

past six weeks on behalf of putative classes of domestic purchasers of automotive aftermarket

filters. In addition to this District, plaintiffs have filed cases in the Northern District of Illinois,

the Southern District of Illinois, the District of New Jersey, the Eastern District of Tennessee,

and the Middle District of Tennessee. These cases are in their infancy – service of the

Complaints is still underway, no defendant has yet filed a responsive pleading in any action, and

no Rule 26(f) conferences have been scheduled.

Given this spate of recent filings, the various parties have already asked the Judicial

Panel on Multidistrict Litigation ("MDL Panel") to transfer and consolidate these actions to an

appropriate Court – in this judicial District or elsewhere – for pretrial proceedings pursuant to 28

U.S.C. § 1407. It is *that* transferee District Court that will be given the burden under Section

1407 of coordinating all eighteen cases for years of discovery and other pretrial purposes. Put

simply, Plaintiffs' motion to consolidate these cases is unnecessary and premature, as these two

---

[1]    The Defendants are: Champion Laboratories, Inc., Purolater Filters N.A. L.L.C.,
Honeywell International Inc., Wix Filtration Corp. LLC, Cummins Filtration Inc., Donaldson
Company, Inc., Baldwin Filters Inc., Bosch U.S.A., Robert Bosch LLC, Mann + Hummel
U.S.A., Inc., ArvinMeritor, Inc., and United Components, Inc. Defendants file this Opposition
without prejudice to any defenses they may assert pursuant to Rule 12(b) of the Federal Rules of
Civil Procedure or otherwise.

[2]    Defendants reject any suggestion that these purported class actions are in fact properly
certifiable as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure. That
said, Defendants take no position at this time on Plaintiffs' corresponding request to designate

cases – and all related cases – will be coordinated for pretrial purposes pursuant to Section 1407, either in this District or elsewhere. This Court accordingly should defer consideration of Plaintiffs' consolidation motion pending the MDL Panel's decision on transfer and consolidation of all pending cases. In the alternative, the Court should deny Plaintiffs' consolidation motion.

### **ARGUMENT**

These actions are two of at least eighteen purported antitrust class actions pending in the United States (including eight actions in this District). Each seeks money damages for an alleged conspiracy to, among other things, fix the price of replacement (*i.e.*, aftermarket) oil, air, fuel, and transmission filters ("the Filters Cases"). These actions were filed in March and April 2008, and thus are in their very early stages – service of the Complaints is still underway, no responsive pleadings have yet been filed by any Defendant, and no Rule 26(f) conferences have been scheduled (let alone occurred).

Plaintiffs filed these purported class actions on or about March 31, 2008 (*S&E Quick Lube Distributors*) and April 10, 2008 (*Barjan LLC*). A few days later (on April 15, 2008), Plaintiffs (among others) filed a motion with the MDL Panel seeking to create a MDL docket for the Filters Cases, and to transfer and consolidate those cases (and any tag-along actions) in this District for pretrial proceedings pursuant to 28 U.S.C. § 1407. Other Plaintiffs have filed papers with the MDL Panel seeking to transfer and consolidate these cases in the Northern District of Illinois.

---

the law firm of Labaton Sucharow LLP and Updike, Kelly & Spellacy, P.C. as interim Class Counsel and interim Liaison Counsel, respectively.

On May 8, 2008, Defendants informed the MDL Panel that they also favored consolidation of the Filters Cases in this District.[3]  Defendants' request is currently pending before the MDL Panel.

Contrary to Plaintiffs' suggestion, the consolidation of these two actions will not "promote efficiency and judicial economy." Pltfs' Memorandum of Law, at 5.  The parties to the various actions have already asked the MDL Panel to consolidate the Filters Cases in an appropriate Court – in this District or elsewhere – for pretrial proceedings pursuant to Section 1407.  It is *that* transferee District Court that will have the task of coordinating years of document and deposition discovery, extensive motions practice (including briefing on class certification and summary judgment), and sundry other pretrial proceedings.  Plaintiffs' consolidation motion is therefore premature and unnecessary, as the MDL transferee District Court will engage in precisely the type of pretrial coordination that Plaintiffs' motion seeks.[4]

In short, no efficiencies will result from consolidating these two actions now pursuant to Rule 42(a).  Instead, this Court should defer consideration of Plaintiffs' premature consolidation motion until after the MDL Panel selects an appropriate Court to serve as the transferee Court pursuant to Section 1407.

---

[3]    *See* Defendants' Memorandum In Support of Response to Plaintiff Lovett Auto and Tractor Parts, Inc.'s Motion for Transfer to the Northern District of Illinois and Certain Plaintiffs' Motion for Transfer to the District of Connecticut," filed in *In re Aftermarket Filters Antitrust Litigation*, Judicial Panel on Multidistrict Litigation, MDL Docket No. 1957 (May 8, 2008), at 9 (attached hereto as Exhibit A).

[4]    *See, e.g., Carolus v. General Electric Co., et al.,* No. 07-CV-00714-WYD-MJW, 2008 WL 410588, at *1 (D. Colo. Feb. 12, 2008) (denying plaintiffs' Rule 42(a) consolidation motion as premature, in light of pending motion before Judicial Panel on Multidistrict Litigation to transfer and consolidate actions pursuant to 28 U.S.C. § 1407).

4

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court defer consideration of Plaintiffs' consolidation motion pending the MDL Panel's decision on transfer and consolidation pursuant to 28 U.S.C. § 1407. In the alternative, Plaintiffs' motion should be denied.

Respectfully submitted,

By: /s/ William O'Connor
     William O'Connor (ct02731)
     CROWELL & MORING LLP
     153 East 53rd Street, 31st Floor
     New York, New York 10022-4611
     Tel:   (212) 223-4000
     Fax:  (212) 223-4134

     Daniel Sasse
     Jerome A. Murphy
     John L. Cuddihy
     CROWELL & MORING LLP
     1001 Pennsylvania Avenue, NW
     Washington, DC 20004
     Tel:   (202) 624-2500
     Fax:  (202) 628-5116

     *Counsel for Defendants Purolater Filters N.A.*
     *L.L.C. and Robert Bosch LLC*[5]

     Ben A. Solnit (ct00292)
     Rachel Reingold Mandel (ct26938)
     TYLER, COOPER & ALCORN, LLP
     555 Long Wharf Drive, 8th Floor
     New Haven, Connecticut 06509
     Tel:   (203) 784-8200
     Fax:  (203) 777-1181

---

[5]    Plaintiffs named "Bosch U.S.A." as a defendant in this action, but delivered the Summons and Complaints for Bosch U.S.A. to Robert Bosch LLC. Counsel is unaware of any entity named "Bosch U.S.A.," and represents Robert Bosch LLC for purposes of this motion.

Margaret M. Zwisler
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Washington, DC 20004
Tel:    (202) 637-2200
Fax:    (202) 637-2201

*Counsel for Defendants Champion Laboratories, Inc. and United Components, Inc.*

David L. Belt (ct04274)
JACOBS, GRUDBERG, BELT, DOW
& KATZ, P.C.
350 Orange Street
P.O. Box 606
New Haven, Connecticut 06503-0606
Tel:    (203) 772-3100
Fax:    (203) 772-1691

John DeQ. Briggs
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:    (202) 783-0800
Fax:    (202) 318-8574

*Counsel for Defendant Wix Filtration Corp., LLC*

David S. Hardy (ct20904)
CARMODY & TORRANCE LLP
195 Church Street, P.O. Box 1950
New Haven, Connecticut 06509-1950
Tel:    (203) 777-5501
Fax:    (203) 784-3199

Edward D. Hassi
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Tel:    (212) 326-4318
Fax:    (212) 326-2061

*Counsel for Defendant Honeywell International Inc.*

6

Edward Wood Dunham (ct05429)
Erika L. Amarante (ct22393)
WIGGIN & DANA LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut 06508-1832
Tel:     (203) 498-4400
Fax:     (203) 782-2889

James T. McKeown
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Tel:     (414) 297-5530
Fax:     (414) 297-4900

*Counsel for Defendant Donaldson Company, Inc.*

Kenneth W. Ritt (ct05982)
Thomas D. Goldberg (ct04396)
DAY PITNEY LLP
One Canterbury Green
Stamford, Connecticut 06901-2047
Tel:     (203) 977-7300
Fax:     (203) 977-7301

Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel:     (212) 474-1000
Fax:     (212) 474-3700

*Counsel for Defendant Cummins Filtration Inc.*

David A. Ball (ct10154)
Stewart I. Edelstein (ct06021)
COHEN & WOLF, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, Connecticut 06604
Tel:     (203) 337-4134
Fax:     (203) 394-9901

Alan Kanzer
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
Tel:    (212) 210-9400
Fax:    (212) 210-9444

*Counsel for Defendant Mann + Hummel*
*U.S.A., Inc.*

Joseph D. Jean (ct18707)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
Tel:    (212) 277-6500
Fax:    (212) 277-6501

Peter J. Kadzik
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel:    (202) 420-2200
Fax:    (202) 420-2201

*Counsel for Defendant ArvinMeritor, Inc.*

Francis H. Morrison III (ct04200)
Maria Eleni Kokiasmenos (ct27005)
AXINN, VELTROP & HARKRIDER
90 State House Square
Hartford, Connecticut 06103-3702
Tel:    (860) 275-8100
Fax:    (860) 275-8101

Darrell Prescott
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel:    (212) 626-4100
Fax:    (212) 310-1600

*Counsel for Defendant Baldwin Filters, Inc.*

Dated: May 15, 2008

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, a true and correct copy of the foregoing Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Consolidate and Coordinate Actions and for Appointment of Interim Class Counsel was filed electronically. Notice of this filing will be sent by electronic mail message to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

Brinkley Tappan

# EXHIBIT A

RECEIVED
CLERK'S OFFICE

2008 MAY -8 P 3: 01

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| |
|---|
| IN RE AFTERMARKET FILTERS ANTITRUST LITIGATION |

**MDL Docket No. 1957**

**DEFENDANTS' MEMORANDUM IN SUPPORT OF RESPONSE TO
PLAINTIFF LOVETT AUTO AND TRACTOR PARTS, INC.'S MOTION
FOR TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS AND
CERTAIN PLAINTIFFS' MOTION FOR TRANSFER TO
THE DISTRICT OF CONNECTICUT**

Pursuant to Rule 7.2(c) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, defendants Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell

International Inc., Wix Filtration Corp., LLC/Wix Filtration Products, Cummins Filtration Inc.,

Donaldson Company, Inc., Baldwin Filters, Inc., Bosch U.S.A., Mann + Hummel U.S.A., Inc.,

ArvinMeritor, Inc. and United Components, Inc. (collectively, the "defendants"), respectfully

respond to the motion of plaintiff Lovett Auto & Tractor Parts, Inc. for transfer of several related

actions to the Northern District of Illinois. This response also serves as a response to the motion

of plaintiffs S&E Quick Lube Distributors, Inc., Flash Sales, Inc., William C. Bruene d/b/a Lone

Star Lube, T.D.S. Company, Inc. d/b/a TWI Auto Parts & Supplies and Barjan, LLC

(collectively, the "Connecticut plaintiffs") for transfer to the District of Connecticut for pretrial

proceedings.

Defendants agree with the Connecticut plaintiffs that the Panel should transfer the cases on the Schedule of Actions filed by the Connecticut plaintiffs on April 15, 2008, and any tag-along actions that may follow, to the District of Connecticut for consolidated proceedings.[1] Defendants propose that the Panel should transfer all such related antitrust cases to the Honorable Stefan R. Underhill, who sits in Bridgeport, or, in the alternative, to the Honorable Mark R. Kravitz, who sits in New Haven. Defendants oppose the Lovett Auto plaintiff's attempt to transfer these cases to the Northern District of Illinois.

The considerations in favor of consolidation and transfer of the cases to the District of Connecticut outweigh those in favor of transfer to the Northern District of Illinois or any other judicial district. All defendants and the majority of plaintiffs favor transfer to the District of Connecticut. The first action was filed in that district and the majority of the actions (8 of 14) are pending there. The District of Connecticut has the resources and experience to handle these complex cases, and is a convenient forum for the parties and their counsel, many of who are located on the East Coast.

---

[1] Defendants are aware of eight additional tag-along actions that were filed after the Connecticut plaintiffs filed their Schedule of Actions: *Packard Automotive, Inc. v. Honeywell International Inc., et al.,* No. 08cv600 (D. Conn.) (Dorsey, J.); *The Parts Plus Group Inc. v. Champion Laboratories Inc., et al.,* No. 08cv637 (D. Conn.) (Bryant, J.); *Ward's Auto Painting & Body Works, Inc. v. Champion Laboratories, Inc., et al.,* No. 08cv660 (D. Conn.) (Kravitz, J.); *Manasek Auto Parts, Inc. d/b/a Undercar Warehouse v. Champion Laboratories Inc., et al.,* No. 08-305-WDS (S.D. Ill.) (Murphy, J.); *Neptune Warehouse Distributors, Inc. v. Champion Laboratories Inc., et al.,* No. 08cv2317 (N.D. Ill.) (Pallmeyer, J); *Randall Bethea et al. v. Champion Laboratories Inc., et al.,* No. 2:08cv126 (E.D. Tenn.) (Greer, J.); *Central Warehouse Sales Corp. v. Champion Laboratories, Inc.,* No. 08cv2123 (D.N.J.) (Hayden, J.); *Big T Inc. d/b/a A to Z Auto Parts,* No. 08-331-DRH (S.D. Ill.) (Herndon, J.). Plaintiffs have not effected service on all of the defendants in some of these actions. By filing this motion, defendants neither appear nor waive service requirements in any of the pending actions or in subsequently filed tag-along actions.

Further, given that these actions involve complex antitrust matters, consolidation and transfer of the cases to Judge Underhill is highly appropriate in light of his extensive experience in managing complex multidistrict litigation, including multidistrict antitrust litigation. In the alternative, defendants propose that the Panel should transfer the cases to Judge Kravitz. He has experience handling complex litigation and the expertise to manage complex antitrust litigation like this one.

## RELEVANT BACKGROUND FACTS

As of the date of this response, defendants are aware of fourteen similar antitrust actions pending in the U.S. on behalf of putative classes of automotive filters purchasers (the "filter actions"). Eight actions are pending in the District of Connecticut, two actions are pending in the Northern District of Illinois, two actions are pending in the Southern District of Illinois, one action is pending in the Eastern District of Tennessee, and one action is pending in the District of New Jersey.[2] Plaintiff S&E Quick Lube filed the first putative class action on March 31, 2008 in the District of Connecticut.

All fourteen cases contain the same core factual allegations, cover the same time period and are brought against essentially the same group of defendants.[3] Each of the complaints alleges a conspiracy to fix, raise, maintain or stabilize prices, rig bids and allocate customers of

---

[2] The plaintiff in *Packard Automotive, Inc.*, a case listed on Lovett Auto's Schedule of Actions as pending in the Northern District of Illinois, voluntarily dismissed that case and re-filed it in the District of Connecticut.

[3] Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell International Inc., Wix Filtration Products/Wix Filtration Corp., LLC, Donaldson Company, Inc., Baldwin Filters, Inc., Bosch U.S.A., Mann + Hummel U.S.A., Inc., and ArvinMeritor, Inc. have been named as defendants in all fourteen actions. Cummins Filtration Inc. has been named as a defendant in thirteen of the fourteen actions. United Components, Inc. has been named as a defendant in nine of the fourteen actions. The Carlyle Group has been named as a defendant in four actions, but the plaintiffs in three of those actions voluntarily dismissed Carlyle as a defendant.

replacement (*i.e.,* aftermarket) oil, air, fuel and transmission filters in violation of federal and/or state antitrust law. All of the complaints propose a class period from January 1, 1999 to the present, and allege a class of plaintiffs (either direct or indirect purchasers) who purportedly suffered injury as a result of the defendants' alleged conduct. Nearly all of the complaints contain allegations purportedly based on information provided by a senior sales executive who was formerly employed by two of the defendants.

All of these antitrust cases are in their initial procedural stages. As of the date of this response, defendants have not yet filed any answers or dispositive motions. Indeed, defendants have not yet been served with several of the complaints.

## ARGUMENT

### I.   THE PANEL SHOULD TRANSFER THE CASES TO A SINGLE DISTRICT FOR COORDINATED PRETRIAL PROCEEDINGS

The Panel is authorized to transfer civil actions "involving one or more common questions of fact [that] are pending in different districts" if the transfer furthers the "convenience of parties and witnesses" and "promote[s] the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). All parties agree that transfer is appropriate because all the elements are met. All of the complaints allege common facts, *i.e.,* that the defendants conspired to fix, raise, maintain or stabilize prices, rig bids and allocate customers of aftermarket filters in violation of federal and/or state antitrust law. Each of the complaints contains similar (and sometimes identical) allegations concerning purported evidence of communications between defendants regarding filter prices.

Transfer of these cases to one district is therefore necessary to further the convenience of the parties and witnesses, avoid duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to class certification matters), conserve judicial resources and the

4

resources of the parties, and promote the just and efficient conduct of the actions. *See, e.g., In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 277 F. Supp. 2d 1373, 1374 (J.P.M.L. 2003) (ordering transfer of antitrust cases alleging price fixing to the District of Connecticut because it was "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary"); *In re Polychloroprene Rubber (CR) Antitrust Litigation*, 360 F. Supp. 2d 1348, 1350 (J.P.M.L. 2005) (same); *In re Publication Paper Antitrust Litigation*, 346 F. Supp. 2d 1370, 1372 (J.P.M.L. 2004) (same); *In re Parcel Tanker Shipping Services Antitrust Litigation*, 296 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) (same).

## II.    THE PANEL SHOULD CONSOLIDATE THE FILTERS ACTIONS IN THE DISTRICT OF CONNECTICUT

At least five separate factors weigh heavily in favor of transfer to Connecticut.

### A.    The Majority Of The Parties Favor Transfer To The District of Connecticut, Not The Northern District Of Illinois

The Panel has consistently given weight to the preference of a majority of the parties. *See In re Publication Paper Antitrust Litigation*, 346 F. Supp. 2d at 1372 (ordering transfer to the District of Connecticut where all defendants, and all but two plaintiffs favored transfer to that district); *In re U.S. Foodservice, Inc. Pricing Litigation*, 528 F. Supp. 2d 1370, 1371 (J.P.M.L. 2007) (same); *In re Sunshine Mining Co. Securities Litigation*, 444 F. Supp. 223, 226 (J.P.M.L. 1978) (transferring cases to the Southern District of New York based on the preferences of all but one plaintiff and one defendant). Here, the majority of the parties, all defendants and at least five plaintiffs, support transfer to the District of Connecticut. In contrast, only one party, plaintiff Lovett Auto, supports transfer to the Northern District of Illinois.

5

**B.    The First Actions Were Filed In Connecticut And The Majority Of The Actions Are Pending There**

The Panel also routinely transfers cases to the forum where the first actions were filed and where the majority of the actions are pending.  *See, e.g., In re Publication Paper Antitrust Litigation*, 346 F. Supp. 2d at 1372 (District of Connecticut proper transferee forum because it had the largest number of pending actions); *In re U.S. Foodservice, Inc. Pricing Litigation*, 528 F. Supp. 2d at 1371 (transferring case to forum where first action was filed); *In re Elevator & Escalator Antitrust Litigation*, 350 F. Supp. 2d 1351, 1353 (J.P.M.L. 2004) (transferring actions to district where first-filed and largest number of actions were pending).  The first five filters actions were filed in the District of Connecticut, and currently the majority of the actions (8 of 14) are pending there.  Only two actions are pending in the Northern District of Illinois, and both were filed after the Connecticut actions.

**C.    The District Of Connecticut Has The Resources And Expertise To Handle These Cases**

The Panel has repeatedly found that the District of Connecticut is equipped with the resources and expertise to handle complex antitrust cases.  *See, e.g., In re Publication Paper Antitrust Litigation*, 346 F. Supp. 2d at 1372 (District of Connecticut has "the resources that this complex antitrust docket is likely to require."); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 277 F. Supp. 2d at 1374 (same).  As of March 10, 2008, seven MDL proceedings were pending in the District of Connecticut, including four involving antitrust price fixing claims.  *See* Connecticut Plaintiffs' Mot. at Ex. B.

6

    **D.**    **The District Of Connecticut's Docket Is More Favorable To Assignment Of These Cases Than The Northern District Of Illinois' Docket**

Connecticut's docket is lighter than the Northern District of Illinois' docket. As the Connecticut plaintiffs properly note, the District of Connecticut has fewer pending cases per judgeship than the Northern District of Illinois. *See* Connecticut Plaintiffs' Mot. Ex. C. Indeed, on a weighted basis (which accounts for the relative complexity of cases), judges in the Northern District of Illinois are handling almost 100 more cases per judgeship, than judges in the District of Connecticut. *Id.* In addition, there are only seven MDLs pending in the District of Connecticut, as compared to 17 pending in the Northern District of Illinois. *Id.* Ex. B. The Panel has recognized that the District of Connecticut has a relatively favorable caseload for accepting assignment of multidistrict litigation. *In re Parcel Tanker Shipping Services Antitrust Litigation*, 296 F. Supp. 2d at 1371.

    **E.**    **The District Of Connecticut Is A More Geographically Convenient Location For More Parties And Their Counsel Than The Northern District Of Illinois**

The District of Connecticut is a more geographically convenient location for consolidation of these actions for more of the parties and their counsel than the Northern District of Illinois. Seven plaintiffs are purportedly located on the East Coast,[4] and one of the defendants, Honeywell International, located its aftermarket filter business in Connecticut. *In re Parcel Tanker Shipping Services Antitrust Litigation*, 296 F. Supp. 2d at 1371 (transfer to District of Connecticut proper where one of a number defendants was located there); *In re*

---

[4]    Plaintiffs The Parts Plus Group, Inc. and Big T Inc. allege their principal places of business in New Jersey. Plaintiffs Manasek Auto Parts, Inc. and Central Warehouse Sales Corp. allege their principal places of business in Pennsylvania. Plaintiff Neptune Warehouse Distributors, Inc. alleges its principle place of business in Massachusetts. Plaintiff TDS Company, Inc. alleges its principal place of business in Maryland. Plaintiff Flash Sales, Inc. alleges its principal place of business in New York.

*Publication Paper Antitrust Litigation*, 346 F. Supp. 2d at 1372 (District of Connecticut "is a geographically convenient location, given the location of principal defendants and potential defendants and witnesses in the eastern part of the United States"); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 277 F. Supp. 2d at 1374 (same). Principal counsel for 10 of the 11 defendants and 9 of the 14 plaintiffs are also located on the East Coast, many within driving distance of the U.S. District Courthouses in both Bridgeport (where Judge Underhill sits) and in New Haven (where Judge Kravitz sits).[5] In addition, Bridgeport and New Haven are both located within a short distance of major international airports and are therefore easily accessible from anywhere in the United States. Bridgeport is less than 60 miles from both LaGuardia Airport in New York and Bradley International Airport in Hartford, CT. New Haven is just 36 miles from Bradley Airport. Both Bridgeport and New Haven have ample travel accommodations, and this Panel has found both to be suitable MDL locations in the past.

Plaintiff Lovett Auto argues that these actions should be transferred to the Northern District of Illinois because four of the eleven defendants, Purolator, Bosch, Champion and Mann + Hummel US, are located in "close proximity" to that district. Lovett Mot. at 9. As Lovett acknowledges, however, Purolator's actual headquarters are in Fayetteville, North Carolina, not Illinois, Champion's headquarters are more than 270 miles from Chicago, and Mann + Hummel US is nearly 150 miles away in Michigan. Thus, none of those defendants are in such close proximity to the Northern District of Illinois to justify transferring the cases despite the objection of the majority of the parties, including those three defendants.

---

[5]    Contrary to Lovett Auto's claim, Mot. at 14, defendant Champion is not represented in these matters by Chicago counsel, but rather by counsel located in Washington, DC.

**F.**     **The Employment Litigation Pending In The Southern District Of Illinois Is Not Relevant To The Panel's Analysis**

Lovett Auto argues that the Panel should transfer these cases to the Northern District of Illinois in Chicago because an employment case involving a potential witness in the filters cases is pending in the Southern District of Illinois in Benton. Lovett Mot. at 11. But transferring the filters actions to Chicago would not generate the efficiencies from the Benton action that Lovett Auto claims. First, the existence of a long pending employment case against one of these defendants in a geographically proximate district is irrelevant to the factors that this Panel considers under 28 U.S.C. §1407. Second, none of the other defendants in the filters actions are parties to the Benton action, and therefore any discovery on the alleged antitrust issues that the court there ultimately permits will have to be redone in this litigation.[6] Third, the Benton action is scheduled for trial in September 2008, and therefore the entire case will likely be concluded before substantial discovery in the filters actions even starts.

**III.     THE PANEL SHOULD CONSOLIDATE THE FILTERS ACTIONS BEFORE JUDGE UNDERHILL**

The filters actions require a judge experienced not only in antitrust matters, but also in the management of complex litigation. Judge Underhill has served as a federal district court judge since 1999. Prior to his appointment, he litigated a wide variety of complex litigation matters as an attorney in private practice. Judge Underhill has extensive experience managing complex multidistrict antitrust litigation involving price fixing allegations similar to those alleged here. He was assigned the *Publication Paper Antitrust* MDL in 2004, which involves allegations of

---

[6]     The Benton action involves (1) an action by Champion to recover funds embezzled by the former employee, and (2) an action by that employee for wrongful termination. Discovery in the Benton action is currently closed. Defendant Champion has objected to the antitrust discovery that the ex-employee seeks in that action because it is irrelevant to the pending claims.

price fixing. *In re Publication Paper Antitrust Litigation*, 346 F. Supp. 2d 1370 (J.P.M.L. 2004). Under Judge Underhill's management, that case has been substantially streamlined and focused: the vast majority of defendants have been dismissed, the alleged product market has been narrowed and the alleged class period has been shortened.

Judge Underhill is also handling two related MDLs involving allegations of price fixing of rubber compounds: *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 277 F. Supp. 2d 1373 (J.P.M.L. 2003) and *In re Polychloroprene Rubber (CR) Antitrust Litigation*, 360 F. Supp. 2d 1348 (J.P.M.L. 2005).[7] He has also handled other types of complex antitrust matters. *See, e.g., Creative Copier Services v. Xerox Corp.*, 2005 WL 2175138 (D. Conn. Sept. 2, 2005) (involving claims under Section 2 of the Sherman Act, 15 U.S.C. §2). In addition, one of the first five filed filters actions is currently pending before Judge Underhill. *Bruene v. Champion Laboratories, Inc. et al.*, No. 3:08cv522 (D. Conn.). Judge Underhill's experience in precisely the type of litigation at issue in the filters actions weighs heavily in favor of consolidating these cases before him.

## IV.    IN THE ALTERNATIVE, THE PANEL SHOULD CONSOLIDATE THE CASES BEFORE JUDGE KRAVITZ

Judge Kravitz is an experienced judge, who has the expertise to handle this complex antitrust litigation. He has been a member of the federal bench since 2003. Prior to his appointment, he litigated a wide variety of complex litigation matters in private practice, including several complex antitrust cases. *See, e.g., Hydro Air of Conn., Inc. v. Versa*

---

[7]    The *EPDM* and *CR* antitrust matters are related actions involving some of the same plaintiffs and defendants. *See In re Polychloroprene Rubber (CR) Antitrust Litigation*, 360 F. Supp. 2d 1348, 1351 (J.P.M.L. 2005). The Panel originally assigned these matters to the Honorable Peter C. Dorsey. In February 2007, Judge Dorsey recused himself and transferred the matters to Judge Underhill.

*Technologies, Inc.*, 599 F. Supp. 1119 (D. Conn. 1984); *Genovese Drug Stores, Inc. v. Bercrose Assoc.*, 563 F. Supp. 1299 (D. Conn. 1983); *RJM Sales & Marketing, Inc. v. Banfi Products Corp.*, 546 F. Supp. 1368 (D. Minn. 1982).

## CONCLUSION

For all the forgoing reasons, defendants propose that the Panel transfer all cases to the District of Connecticut before the Honorable Stefan R. Underhill, or, in the alternative, to the Honorable Mark R. Kravitz.


Dated:  May 8, 2008                    Respectfully submitted,


                                       Margaret M. Zwisler
                                       LATHAM & WATKINS LLP
                                       555 Eleventh Street, NW
                                       Washington, DC 20004-1304
                                       Tel: (202) 637-2200
                                       Fax: (202) 637-2201

                                       Designated Attorneys for
                                       Defendants Champion Laboratories, Inc. and
                                       United Components, Inc.

                                       John DeQ. Briggs
                                       HOWREY LLP
                                       1299 Pennsylvania Ave., NW
                                       Washington, DC 20004
                                       Tel: (202) 783-0800
                                       Fax: (202) 318-8574

                                       Designated Attorneys for Defendant
                                       Wix Filtration Corp., LLC

11

Edward D. Hassi
O'MELVENY & MEYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Tel: (212) 326-4318
Fax: (212) 326-2061

Designated Attorneys for
Honeywell International Inc.

Peter J. Kadzik
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Tel: (202) 420-2200
Fax: (202) 420-2201

Designated Attorneys for ArvinMeritor, Inc.

James T. McKeown
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 297-5530
Fax: (414) 297-4900

Designated Attorneys for Donaldson Company, Inc.

Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700

Designated Attorneys for Cummins Filtration Inc.

Alan Kanzer
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9400
Fax: (212) 210-9444

Designated Attorneys for
Mann + Hummel U.S.A., Inc.

Jerome A. Murphy
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116

Designated Attorneys for Bosch U.S.A. and
Purolator Filters N.A. LLC

Darrell Prescott
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 626-4100
Fax: (212) 310-1600

Designated Attorneys for Baldwin Filters, Inc.

By: _____
    Margaret M. Zwisler
    on behalf of all defendants

13

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List                                        Page 1

Docket: 1957 - IN RE: Aftermarket Filters Antitrust Litigation
Status:  Pending on  / /
Transferee District:         Judge:
                                                                                     Printed on 04/29/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Ademi, Guri<br>ADEMI & O'REILLY LLP<br>3620 East Layton Avenue<br>Cudahy, WI 53110 | =>Phone: (414) 482-8005<br>Packard Automotive, Inc. |
| Briggs, John DeQ.<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | =>Phone: (202) 783-0800  Fax: (202) 318-8574  Email: briggsj@howrey.com<br>Wix Filtration Corp., LLC* |
| Carlyle Group,<br>200 West Madison<br>Suite 3550<br>Chicago, IL 60606 | =><br>Carlyle Group (The) |
| Hansel, Gregory P.<br>PRETI FLAHERTY BELIVEAU & PACHIOS LLP<br>One City Center<br>P.O. Box 9546<br>Portland, ME 04112-9546 | =>Phone: (207) 791-3000  Fax: (207) 791-3111  Email: ghansel@preti.com<br>T.D.S. Co., Inc. dba TWI Auto Parts & Supplies* |
| Hassi, Edward<br>O'MELVENY & MYERS LLP<br>Time Square Tower<br>7 Times Square<br>New York, NY 10036 | =>Phone: (212) 326-4318  Fax: (212) 326-2061  Email: ehassi@omm.com<br>Honeywell International, Inc.* |
| Hoese, William E.<br>KOHN SWIFT & GRAF PC<br>One South Broad Street<br>Suite 2100<br>Philadelphia, PA 19107 | =>Phone: (215) 238-1700  Fax: (215) 238-1968  Email: whoese@kohnswift.com<br>Barjan, LLC* |
| Kadzik, Peter J.<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street, N.W.<br>Washington, DC 20006-5403 | =>Phone: (202) 420-2200  Fax: (202) 420-2201  Email: kadzikp@dicksteinshapiro.com<br>ArvinMeritor, Inc.* |
| Kanzer, Alan<br>ALSTON & BIRD LLP<br>90 Park Avenue<br>New York, NY 10016 | =>Phone: (212) 210-9480  Fax: (212) 210-9444  Email: akanzer@alston.com<br>Mann + Hummel U.S.A., Inc.* |
| McCluer, Stuart H.<br>MCCULLEY MCCLUER PLLC<br>1109 Van Buren Avenue<br>Oxford, MS 38655 | =>Phone: (622) 236-1401  Fax: (622) 236-1974  Email: smccluer@mcculleymccluer.com<br>Lovett Auto & Tractor Parts, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| McKeown, James T.<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202-5306 | =>Phone: (414) 297-5530  Fax: (414) 297-4900  Email: jmckeown@foley.com<br>Donaldson Co. (The)* |
| Murphy, Jerome A.<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20262 | =>Phone: (202) 624-2500  Fax: (202) 628-5116  Email: jmurphy@crowell.com<br>Bosch U.S.A.*; Purolator Filters N.A., LLC* |
| Nussbaum, Linda P.<br>COHEN MILSTEIN HAUSFELD & TOLL PLLC<br>825 Third Avenue<br>30th Floor<br>New York, NY 10022-7519 | =>Phone: (212) 687-1980  Fax: (212) 687-7714  Email: lnussbaum@kaplanfox.com<br>Bruene (dba Lone Star Lube), William C.* |
| Paskin, Michael A.<br>CRAVATH SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 8th Avenue<br>New York, NY 10019 | =>Phone: (212) 474-1760  Fax: (212) 474-3700  Email: mpaskin@cravath.com<br>Cummins Filtration, Inc.* |
| Persky, Bernard<br>LABATON SUCHAROW LLP<br>140 Broadway<br>33rd Floor<br>New York, NY 10005 | =>Phone: (212) 907-0700  Fax: (212) 818-0477  Email: bpersky@labaton.com<br>Flash Sales, Inc.*; S&E Quick Lube Distributors, Inc.* |
| Prescott, Darrell<br>BAKER & MCKENZIE LLP<br>1114 Avenue of the Americas<br>New York, NY 10036 | =>Phone: (212) 626-4476  Fax: (212) 310-1600  Email: darrell.prescott@bakernet.com<br>Baldwin Filters, Inc.* |
| Wix Filtration Corp., LLC,<br>c/o CT Corporation System<br>225 Hillsborough Street<br>Raleigh, NC 27603 | =><br>Wix Filtration Products |
| Zwisler, Margaret M.<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, N.W.<br>Suite 1000<br>Washington, DC 20004 | =>Phone: (202) 637-2200  Fax: (202) 637-2201  Email: margaret.zwisler@lw.com<br>Champion Laboratories, Inc.*; United Components, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

## SUPPLEMENTAL SERVICE LIST

I hereby certify that on May 8, 2008, I caused a true and correct copy of the foregoing

**DEFENDANTS' MEMORANDUM IN SUPPORT OF RESPONSE TO PLAINTIFF
LOVETT AUTO AND TRACTOR PARTS, INC.'S MOTION FOR TRANSFER TO THE
NORTHERN DISTRICT OF ILLINOIS AND CERTAIN PLAINTIFFS' MOTION FOR
TRANSFER TO THE DISTRICT OF CONNECTICUT** to be served upon the parties listed

on the attached Panel Attorney Service List and Supplemental Service List, via overnight

delivery:

Doug Dubitsky
Kerry R. Callahan
Updike, Kelly & Spellacy
One State St., PO Box 231277
Hartford, CT 06123-1277
T: (860) 548-2600
F: (860) 548-6043
E: ddubitsky@uks.com
E: krcallahan@uks.com

*Attorneys for Plaintiffs S&E Quick Lube
Distributors Inc, Flash Sales, Inc., William C.
Bruene, T.D.S. Company, Inc., Barjan, LLC,
Ward's Auto Painting and Body Works, Inc.
and The Parts Plus Group, Inc.*

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
T: (415) 217-6810

*Attorneys for Plaintiff Neptune Warehouse
Distributors, Inc.*

Douglas A Millen
Michael Jerry Freed
Steven A Kanner
William Henry London
Freed Kanner London & Millen, LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
T: (224) 632-4500
E: doug@fklmlaw.com

*Attorneys for Plaintiff Neptune Warehouse
Distributors, Inc.*

Robert J. Bonsignore
Robin E. Brewer
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155
Telephone: (781) 391-9400

*Attorneys for Plaintiff Neptune Warehouse
Distributors, Inc.*

Mark Goldman
Goldman Scarlato & Karon, P.C.
101 West Elm Street, Suite 360
Conshohocken, PA 19428
T: (484) 342-0700
F: (484) 342-0701

*Attorneys for Plaintiff Flash Sales, Inc.*

Corey D. Holzer
Holzer & Holzer
1117 Perimeter Center West, Suite E-107
Atlanta, GA 30338
T: (770) 392-0090
F: (770) 392-0029

*Attorneys for Plaintiff Flash Sales, Inc.*

Stewart M. Weltman
Weltman Law Firm
77 West Wacker Drive, Suite 4800
Chicago, IL 60601
T: (312) 606-8755
E: sweltman@weltmanlawfirm.com

*Attorneys for Plaintiff Lovett Auto & Tractor
Parts, Inc.*

Gary Friedman
Tracey Kitzman
Friedman Law Group LLP
270 Lafayette Street, Suite 1410
New York, NY 10012
T: (2121) 680-5150
F: (646) 277-1151

*Attorneys for Plaintiff Flash Sales, Inc.*

Steven E. Arnold
Stanger & Arnold, LLP
433 S. Main St., Suite 112
West Hartford, CT 06110
T: (860) 561-0650
F: (860)561-0646
E: sea@SAlaw.us

*Attorneys for Plaintiff Packard Automotive,
Inc.*

Vineet Bhatia
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002-5096

Stephen E. Morrissey
Susman Godfrey LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029

*Attorneys for Plaintiff Lovett Auto & Tractor
Parts, Inc.*

A. Hoyt Rowell, III
Daniel O. Myers
T. Christopher Tuck
James L. Ward, Jr.
Richardson, Patrick, Westbrook & Brickman,
LLC
P.O. Box 879
Mt. Pleasant, SC 29465

*Attorneys for Plaintiff Lovett Auto & Tractor
Parts, Inc.*

James J. Rosemergy
Carey & Danis LLC
8235 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105-3786
T: (314) 725-7700
F: (314) 721-0905
E: jrosemergy@careydanis.com

*Attorneys for Plaintiff Manasek Auto Parts,
Inc.*
Donald L. Perelman
Roberta D. Liebenberg
Fine, Kaplan and Black, R.P.E.
1835 Market Street
28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565
Fax: (215) 568-5872

*Attorneys for Plaintiff Manasek Auto Parts,
Inc.*

Richard L. Coffman
The Coffman Firm
505 Orleans Street, Suite 505
Beaumont, TX 77701
T: (409) 833-7700
F: (866) 835-8250
E: rc@cofflaw.com

*Attorneys for Plaintiff William C. Bruene*

Michael J. Boni
Boni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: (610) 822-0201
Fax: (610) 822-0206

*Attorneys for Plaintiff Manasek Auto Parts,
Inc.*
Simon B. Paris
Patrick Howard
Saltz Mongeluzzi Barrett &
Bendesky, P.E.
One Liberty Place, 52nd Floor
1650 Market St.
Philadelphia, PA 19103
Telephone: (215) 496-8282
Fax: (215) 496-0999

*Attorneys for Plaintiff Manasek Auto Parts,
Inc.*

Joseph Goldberg
Freedman Boyd Hollander
Goldberg & Ives, P.A.
20 First Plaza, Suite 700
Albuquerque, New Mexico 87102
Telephone: (505) 842-9960
Fax: (505) 842-0761

*Attorneys for Plaintiff Manasek Auto Parts, Inc.*

Christopher Hayes
225 South Church Street
West Chester, Pennsylvania 19382
Telephone: 610-431-9505
Fax: 610-431-1269

*Attorneys for Plaintiff Ward's Auto Painting & Body Works, Inc.*

Gerald J. Rodos
Jeffrey B. Gittleman
Lisa M. Lamb
Barrack Rodos & Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19130
Telephone: (215) 963-0600
Fax: (215) 963-0838

*Attorneys for Plaintiff The Parts Plus Group, Inc.*

Chris Cadenhead
Cadenhead Law Firm
Pier 98 Centre
534 Harbor Boulevard, Suite 501
Destin, Florida 32541
Telephone (850) 837-5509
Fax: (850) 682-8343

*Attorneys for Plaintiffs Randall Bethea, et al*

Joseph G. Sauder
Benjamin F. Johns
Alison R. Gabe
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: 610-642-8500
Fax: 610-649-3633

*Attorneys for Plaintiff Ward's Auto Painting & Body Works, Inc.*

Scott P. Archer
150 North Street
Canton, GA 30114
Telephone: 770-956-1400

*Attorneys for Plaintiff Ward's Auto Painting & Body Works, Inc.*

Gordon Ball
550 W. Main Street, Suite 601
Knoxville, Tennessee 37902
Telephone: (865) 525-7028
Fax: (865) 525-4679

*Attorneys for Plaintiffs Randall Bethea, et al.*

_____
Tracey H. Watson