| | |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT** <br> **FOR THE DISTRICT OF CONNECTICUT** ||
| S&E QUICK LUBE DISTRIBUTORS INC., on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION CORP, LLC, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC. <br><br> Defendants. | Case No. 3:08-cv-00475 (JBA) |

| | |
|---|---|
| T.D.S. CO. INC. d/b/a TWI AUTO PARTS & SUPPLIES, on Behalf of Itself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br> vs.<br><br>CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION CORP, LLC, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC.<br><br>        Defendants. | Case No. 3:08-cv-00528 (JBA) |

| | |
|---|---|
| BARJAN LLC, on Behalf of Itself and All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>    vs.<br><br>CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION CORP, LLC, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC.<br><br>                          Defendants. | Case No. 3:08-cv-00534 (JBA) |

| | |
|---|---|
| WARD'S AUTO PAINTING AND BODY WORKS INC., on Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION CORP, LLC, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC.<br><br>　　　　　　　　　Defendants. | Case No. 3:08-cv-00660 (JBA) |

| | |
|---|---|
| THE PARTS PLUS GROUP, INC., on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION CORP, LLC, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC.<br><br>Defendants. | Case No. 3:08-cv-00637 (JBA) |

## [PROPOSED] PRETRIAL ORDER CONSOLIDATING ACTIONS

WHEREAS, the above-captioned direct purchaser actions (the "Class Actions") are pending in this Court for alleged violations of the antitrust laws involving the sale of filters, claiming violations of Section 1 of the Sherman Act, 15 U.S.C. § 1; and

WHEREAS, the Class Actions are related cases involving common questions of law and fact; and

WHEREAS, consolidation would promote the efficient disposition of these claims;

NOW THEREFORE, THE COURT ORDERS as follows:

### Consolidation of Related Actions

1. The Class Actions are consolidated pursuant to Federal Rule of Civil Procedure 42(a).

2. This Order shall apply to the Class Actions and to all other direct purchaser cases alleging violations of the antitrust laws involving the sale of filters that are filed in or transferred to this Court (collectively, "Related Actions").

3. The proceedings involving the Related Actions are hereinafter referred to as <u>In Re Filters Antitrust Litigation</u>, and a Master File Docket number is hereby established in which all entries are docketed. The Master Docket number shall be Case No.: 3:08-cv-00475 (JBA).

4. Every pleading filed in <u>In Re Filters Antitrust Litigation</u> shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MASTER DOCKET NO. 3:08-cv-00475 (JBA)

IN RE FILTERS
ANTITRUST LITIGATION
_____/

THIS DOCUMENT RELATES TO:

_____/

      5.      When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after or below the words "This Document Relates To" in the caption set out above. When a pleading is intended to be applicable only to less than all such actions, the separate caption and docket number for each individual action to which the pleading is intended to be applicable shall appear immediately after or below the words "This Document Relates To" in the caption described above.

6.  When a pleading is filed and the caption, pursuant to the foregoing, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed or docket entries made.

7.  When a pleading is filed and the caption, pursuant to the foregoing, shows that it is applicable to fewer than all of the In Re Filters Antitrust Litigation actions, the Clerk shall file such pleading in the Master File and shall note such filing in both the Master Docket and the docket of each such action to which it relates.

8.  This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of In Re Filters Antitrust Litigation, Master Docket No. 3:08-cv-00475 (JBA).

9.  If a case that arises out of the same subject matter as In Re Filters Antitrust Litigation is hereinafter filed in this Court or is transferred to this Court from another court, the Clerk of this Court shall:

   a)  file a copy of this Order in the separate file for such action;

   b)  mail a copy of this Order to the attorneys for the Plaintiff(s) in the newly-filed or transferred case and to any new Defendant(s) in the newly-filed or transferred case; and

        c)        make the appropriate entry in the Master Docket for <u>In Re Filters Antitrust Litigation</u>, Master Docket No. 3:08-cv-00475 (JBA).

10. This Order shall apply to each of the Related Actions, unless a party objects to consolidation or any provision of this Order. Any objection to this Order shall be made within fifteen days after the date upon which a copy of this Order is mailed by the Clerk of the Court to counsel for any party by filing an application for relief with the Court. Nothing in the foregoing shall be construed as a waiver of a Defendant's right to object to consolidation of any action subsequently filed in or transferred to this Court.

11. The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

12. The terms of this Order shall not constitute a waiver by any party of any claims in or defenses to any of the Related Actions.

13. An original of this Order shall be filed by the Clerk in the Master File and in the files for each of the Related Actions.

14. The Clerk shall mail a copy of this Order to all counsel of record in the Related Actions.

DONE AND ORDERED in Chambers this ___ day of _____, 2008.

_____
JANET BOND ARTERTON
United States District Judge